UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/18

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) | |
| ) | |
| *Plaintiff,* ) | Civil Action No.: 1:18-cv-00476-PGG |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned to IP address ) | |
| 74.64.105.55 ) | |
| ) | |
| *Defendant.* ) | |

## MOTION TO QUASH SUBPOENA AND MOTION FOR A PROTECTIVE ORDER BY DEFNEDANT JOHN DOE

I, John Doe, Defendant, in the above styled cause, hereby file the following Motion to Quash Subpoena issued to Charter Communications, Inc. as set forth in the Memorandum in Support attached hereto.

Dated: April 11th, 2018

Respectfully submitted,

*[signature]*

JOHN DOE
Pro se

# **MEMORANDUM IN SUPPORT**

## I. INTRODUCTION & BACKGROUND

On November 16, 2017, Plaintiff Strike 3 Holdings, LLC, filed this lawsuit against an unidentified Defendant, John Doe, as the subscriber to an identified internet protocol ("IP") address, "IP 74.64.105.55," alleging that John Doe violated the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., by downloading and sharing over the internet copyrighted material owned by Plaintiff. Plaintiff then moved pursuant to Fed. R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena, prior to a Rule 26(f) conference, on Charter Communications Inc, the internet service provider (ISP), directing Charter Communications Inc to provide Plaintiff with the true name and address of the Defendant to whom Charter Communications Inc assigned the captioned IP address. The Court granted Plaintiffs motion. See Dkt. No. 10.

## II. Motion to Quash the Third Party Subpoena

### A. Personal Jurisdiction

1. I, John Doe, Defendant, do not reside in New York State. Pursuant to Fed. R. Civ. P. Rule 45(c)(2)(A) a subpoena may command **production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.** As this subpoena would require me to comply beyond the geographical limits specified in Rule 45(c), the "Court must quash or modify a subpoena." Therefore, I respectfully request that the Court grant this motion to quash the subpoena pursuant to Fed. R. Civ. P. Rule 45(c)(2)(A).

## III. Motion for Protective Order

38. Under Fed. R. Civ. P. 26(c), the Court may, for good cause, issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or

expense."

39. Good cause exists for a protective order to prevent the disclosure of my identifying information because the disclosure of my identifying information would subject me to the annoyance, embarrassment, oppression, and undue burden and expense of being subject to Plaintiff's attempt to try to extract a settlement.

40. Where a subpoena's primary purpose is not to obtain information for use in the litigation but rather to extract money from numerous individuals, any request to identify such individuals is an undue burden. The subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. *MCGIP, LLC v. Doe*, 2011 WL 4352110, (N.D. Cal. September 16, 2011).

41. Courts have recognized that in these recent mass-Doe cases based on BitTorrent, "plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them." *K-Beech, Inc. v. Does* 1-85, No.3: 11cv469-JAG (E.D. Va. October 5, 2011).

42. Even if Plaintiff had a legitimate claim, their interests do not outweigh the interest of my anonymity given the nature of their practice, and the Court may allow to proceed while remaining anonymous.

43. For these reasons, my identifying information is not relevant to the litigation and disclosure of the same would subject me to the harassment of multiple demands

for settlement payment from Plaintiff, as well as undue expenses, including attorney fees, to fend off Plaintiff's harassment.

44. Therefore, I respectfully request that the Court grant this motion and enter a protective order for my identity pursuant to Fed. R. Civ. P. 26 (c).

## VI. CONCLUSION

45. Plaintiff's third party subpoena lacks personal jurisdiction.

WHEREFORE, for the foregoing reasons, Defendant, "John Doe," respectfully requests that this Honorable Court enter an Order GRANTING this Motion and

1. QUASHING the outstanding subpoena seeking John Doe's identity;

2. ENTERING a protective order preventing Plaintiff from obtaining further discovery as to Defendant; and

3. FOR SUCH OTHER AND FURTHER RELIEF that this Court deems just and proper.

Dated: April 11th, 2018

Respectfully submitted,

John Doe