UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------X
                                                                   :
STRIKE 3 HOLDINGS, LLC,                                            :
                                                                   :    Case No. 1:18-cv-00476-PGG
                                        Plaintiff,                 :
                                                                   :
                vs.                                                :
                                                                   :
                                                                   :
JOHN DOE subscriber assigned IP address                            :
74.64.105.55,                                                      :
                                                                   :
                                        Defendant.                 :
-------------------------------------------------------------------X
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA
OR FOR PROTECTIVE ORDER**

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully submits the following Opposition to the Motion to Quash Plaintiff's Third-Party Subpoena issued upon Defendant's Internet Service Provider ("ISP"), Spectrum, filed by Defendant John Doe ("Doe Defendant").

**I.    INTRODUCTION**

In this BitTorrent copyright infringement action, Plaintiff cannot identify and serve Doe Defendant without the information subpoenaed from his or her ISP. [*See generally* CM/ECF 11]. The *pro se* Motion seeks to quash Strike 3's third-party subpoena over two months after the ISP has returned the subscriber's information. Additionally, the Motion's assertion that the subscriber is not based in this Court's jurisdiction is contradicted by the ISP's response which traces the account to New York. The already-discharged subpoena also does not require the ISP or Doe Defendant to travel more than one hundred miles in order to comply, and imposes no

1

undue burden on either party.  Despite the myriad defects in the Motion to Quash, Strike 3 does not oppose the entry by the Court of a protective order that would safeguard Doe Defendant's identifying information.

## II.  FACTS

Plaintiff owns the intellectual property to the award-winning adult motion pictures released under the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* brands. [Declaration of Greg Lansky (CM/ECF 11-1, ¶ 3, 19)].  Strike 3's philosophy is to hold itself above the rest by having higher budgets, higher compensation for its actors and actresses, and higher end productions.  *Id.* at ¶¶ 7–8, 11–13, 15.  Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with a better experience.  *Id.* at ¶ 15.  Plaintiff's business has "raised the bar" for the rest of the industry, "leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist."  *Id.* at ¶ 25.

As a result of its higher production and talent costs, Strike 3 is sensitive to the loss of revenue caused by mass copyright infringement.  *Id.* at ¶ 22.  Despite attempting to mitigate the infringement outside the courts, *see id.* at ¶ 26 (sending thousands of DMCA takedowns to infringing websites), lawsuits like this have become a necessary option of last resort.  *Id.* at ¶ 27.  Plaintiff understands the delicate nature of these suits and otherwise respects the desire by consumers to keep their content choices private, and thus Plaintiff has put in place protocols, including inviting this Court to implement a protective order, which Plaintiff has respected and will carry out faithfully.  [*See* CM/ECF 11 at 10].

John Doe is accused of downloading, distributing, and hence infringing numerous works owned by Plaintiff across the BitTorrent network.  [*See generally* CM/ECF 1 and accompanying

Exhibit "A" listing the works-in-suit].  Plaintiff moved to serve an early subpoena on John Doe's Internet Service Provider for the limited purpose of identifying and serving Defendant (while maintaining his anonymity) in accordance with the Federal Rules of Civil Procedure.  [CM/ECF 10, 11].  The Court granted Strike 3's motion on February 15, 2018, [CM/ECF 12], Plaintiff served its subpoena on Defendant's ISP on February 22, 2018, and Defendant moved to quash said subpoena, [CM/ECF 15], which makes up the present motion before the Court.

### III.   LEGAL STANDARD

"[T]he party seeking to quash a subpoena bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted).  The Federal Rules of Civil Procedure is clear: courts will only quash or modify a subpoena under six circumstances.  *See* Fed. R. Civ. P. 45(d)(3)(A)–(B).  Those include whether the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions.  *Id.*  "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605-PAB-KMT, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases).  "Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena *must comply* with it.  *Id.* (collecting cases) (emphasis original).

Here, none of these circumstances are present and therefore the ISP must comply with the subpoena.  Accordingly, the motion should be denied.

IV.     ARGUMENT

    A.     **Doe Defendant's Motion to Quash is Moot and the Jurisdictional Argument Is Erroneous**

        *1.     The ISP Has Already Complied with Strike 3's Subpoena*

Doe Defendant's Motion to Quash is moot. Article III's case and controversy "limitation requires those who invoke the power of a federal court to demonstrate standing—a 'personal injury fairly traceable to the [party's] conduct and likely to be redressed by the requested relief." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553 (2013) (quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). "We have repeatedly held that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* at 90–91 (internal quotations and citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91. (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam) (some internal quotation marks omitted).

The subpoena has run its course. Thus, there is no longer an active case or controversy at least with respect to the subpoena.[1] On February 22, 2018, seven days after the Court issued its

---

[1] There is a current of case law in this District, tracing back to *Sony*, from which the standard for early discovery originates, that notes that an ISP's discharge of a subpoena does not render a motion to quash moot because Plaintiff "can be ordered to return the information and prohibited from using it." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 188 (S.D.N.Y. 2012) (denying motion to quash) (quoting *Sony Music Entm't Inc. v. Does 1–40*, 326 F.Supp.2d 556, 561 (S.D.N.Y.2004)); *John Wiley & Sons, Inc. v. John Does Nos. 1-35*, No. 12 CIV. 2968 RWS, 2012 WL 6732906, at *2 (S.D.N.Y. Dec. 28, 2012) (denying motion to quash on other grounds even though defendant conveyed her identifying information to plaintiff in her motion). The rationale here, that the court *may* issue an additional order down the line disgorging previously obtained information does not square with the Supreme Court's jurisprudence in *Nike*. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983). (noting that for there to be a case and controversy, "the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical'"). The issue presented by this subpoena, and called into question by the motion is no longer "alive" at this stage in the

Order granting Plaintiff's Motion for Leave [CM/ECF 12], Strike 3 served Spectrum with its subpoena for Defendant's name and address. The Court's Order expressly states "if a subscriber wishes to modify or quash a subpoena, the subscriber *shall have thirty days* from the date the subscriber receives notice of the subpoena from the service provider to do so" and gave the ISP a total of forty days to respond. *Id.* ¶¶ 6–7 (emphasis supplied).

The subpoena's return date was set for April 2, 2018. Doe Defendant did not file the present Motion to Quash until June 12, 2018, two months after the return date.[2] By the time the Motion was filed, Strike 3 was already in possession of the subscriber's name and address, and the ISP had discharged its obligation under the court ordered subpoena. Thus, any action to quash the now-discharged subpoena is moot.

> 2. ***Strike 3's Third-Party Subpoena Does Not Require Unreasonable Compliance***

Even if there were a live case and controversy regarding the subpoena, Defendant's Motion fails on the merits. Doe Defendant argues that he or she does "not reside in New York State" and that the subpoena would require him to comply beyond one hundred mile from where

---

litigation. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553 (2013). The requested relief to quash the disclosure, "traceable" to this subpoena, cannot be addressed by the present Motion. *See id.* A new order by the Court or a separate action from Doe Defendant, such as a motion for a protective order, *infra*, would constitute a separate, live, and redressable issue, but it does not salvage the already moot motion. *See e.g.*, *UN4 Prods., Inc. v. Does 1-15*, No. CV 17-2768, 2017 WL 5885779, at *3 (E.D. Pa. Nov. 29, 2017) (citing *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238-39 (9th Cir. 2012)) (denying a motion to quash a similar subpoena as moot because "disclosure prevents the Court from providing her any effective relief, as what Plaintiff sought is now in its possession"); *see also Strike 3 Holdings, LLC v. Doe*, No. CV 3:17-1680 (CSH), 2017 WL 5001474, at *7 n.10 (D. Conn. Nov. 1, 2017) ("In considering whether to make a motion to quash the subpoena or proceed anonymously, Defendant is reminded that the Court has already analyzed the requisite principal factors to determine that such a subpoena should be allowed under *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).").

[2] To be sure, Doe Defendant's *pro se* Motion to Quash is dated for April 11, 2018. [*See* CM/ECF 15]. It is unclear why the Motion was not filed then, but even if it were filed on that date, it would have been over a week past the set return date, still rendering the action moot.

he resides. [CM/ECF 15, at 2 (citing Fed. R. Civ. P. 45(c)(2)(A)]. Both of these arguments are untrue.

Because the ISP has produced the requested information, Strike 3 knows the address of the subscriber. The address traces to within the Southern District of New York's jurisdiction. Thus, this argument is a nonstarter.

As far as complying beyond one hundred miles, Strike 3's subpoena requires no compliance on behalf of Doe Defendant. Rule 45(c)(2)(A) is not a grounds to quash or modify a subpoena. Indeed, Strike 3's subpoena requires zero travel on behalf of the ISP. *See Williams v. Frank Martz Coach Co.*, No. CV 13-1860 MKB, 2014 WL 2002853, at *6 (E.D.N.Y. May 14, 2014) ("Rules 45 of the Federal Rules of Civil Procedure prohibit a subpoena from directing a witness to travel more than 100 miles.").

Implicit in Defendant's argument is "that there would be an undue burden on *him*, rather than on [the ISP], assum[ing] that the 'undue burden' contemplated by Rule 45 can be something other than the burden of production on the recipient of a subpoena. That assumption is incorrect." *Malibu Media, LLC v. Doe*, No. CV 15-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016). "Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden." *Id.* (collecting cases); *see Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) ("'Because the subpoena does not obligate Defendant to do or produce anything,' Defendant cannot object to the subpoena on the grounds that it would constitute an undue burden.") (citation omitted). There is no burden of production placed on Doe Defendant, and that includes traveling. Since Doe Defendant has not stated any viable grounds upon which the Court can quash or modify the subpoena, the Motion fails.

**B.      Strike 3 Never Opposes An Order to Protect a Defendant's Identity**

Although the Motion to Quash is moot, Doe Defendant's request for a protective order to allow him or her to remain pseudonymous is still apt. [*See* CM/ECF 15, at 2–4]. Strike 3 has not yet filed an amended pleading naming or disclosing any of Doe Defendant's identifying information. As a matter of course, Strike 3 has a standing policy of not opposing requests by Doe Defendants for a protective order to remain pseudonymous throughout litigation. Plaintiff has even encouraged this Court to enter such an order. [*See* CM/ECF 11, at 10 (suggesting the Court to issue whatever protective order it finds appropriate)]. Courts have already lauded such an approach in these kind of cases. *See Malibu Media, LLC v. Doe*, No. 15 CV 4743 JFK, 2015 WL 5013874, at *2 (S.D.N.Y. Aug. 18, 2015) ("To Plaintiff's credit . . . its policy is to allow defendants to proceed anonymously and would consent to a protective order").

Strike 3's copyright infringement claims are meritorious and supported by the evidence. Plaintiff is confident that it can adjudicate its claims on the strength of the facts and has no intention to unduly harass or embarrass Doe Defendant. *See Id.* at *1 n.5 ("The protective order helps remove coercion from a defendant's calculation."). As such, Strike 3 agrees to a protective order allowing Doe Defendant to remain pseudonymous throughout the litigation.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Quash as moot and enter a protective order protecting Doe Defendant's identifying information.

Dated: June 25, 2018

Respectfully submitted,

**FOX ROTHSCHILD, LLP**

By:  /s/ *Shireen Nasir*
Shireen Nasir, Esq.
snasir@foxrothschild.com
101 Park Avenue
17th Floor
New York NY 10178
Tel.: (212) 878-7900
Fax: (212) 692-0940
www.foxrothschild.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Shireen Nasir*